# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BEDFORD ROSS,** | : | CIVIL NO. 1:CV-09-2108 |
| Petitioner, | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION AND PAROLE, et al.,** | : | |
| Respondents | | |

## MEMORANDUM

Bedford Ross ("Ross"), a Pennsylvania state inmate serving a sentence imposed by the Court of Common Pleas of Philadelphia County, Pennsylvania, filed this petition for writ of habeas corpus on October 29, 2009, pursuant to 28 U.S.C. § 2254, challenging the denial of parole. (Doc. No. 1, Pet.) Named as Respondent is the Pennsylvania Board of Probation and Parole ("PBPP") and the Pennsylvania Attorney General. For the reasons that follow, the habeas relief requested will be denied.

## I. Background

On September 26, 2006, the Court of Common Pleas of Philadelphia County convicted Ross of the following charges: Firearms Not to be Carried without a License; Carrying Firearms in Public; Person not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms, and Fleeing or Attempting to Elude Officers. (Doc. 11-2, Resp., Ex. 1.) On December 5, 2006, he was sentenced to serve three (3) to six (6) years imprisonment on the offense of Person not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms, followed by four (4) years probation for Firearms not to be Carried without a License. No further sentence was imposed on the remaining convictions. (<u>Id</u>.)

On June 15, 2006, Ross was arrested on additional criminal charges including Contact/Communication with a Minor-Sexual Offenses, Indecent Assault W/O Consent of Other, Corruption of Minors, and Simple Assault. Ross pled guilty to Indecent Assault and Corruption of Minors in the Court of Common Pleas of Philadelphia County. (Id., Ex. 2.) The remaining offenses were nolle prossed. He was sentenced to serve 11 months and 15 days to 23 months of confinement for Corruption of Minors, followed by two years probation for the Indecent Assault. (Id.)

The sentences for Person not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms and for Corruption of Minors were aggregated. The minimum date for the sentence was August 16, 2009, and the maximum date is August 16, 2010. (Doc. No. 11-2, Ex. 3, Sentence Status Summary.) Ross was interviewed for parole on this sentence by the PBPP on April 8, 2009. A Notice of Action was recorded on April 16, 2009, stating that the Board was awaiting additional information regarding the details of the Indecent Assault incident, and therefore a decision regarding parole was pending. (Id., Ex. 4, Notice of Action.) Subsequent thereto, the information received by the PBPP was a Philadelphia Police Arrest Report/Affidavit of Probable Cause with respect to the underlying Indecent Assault incident. According to the report Ross grabbed the breast and buttocks of a 14 year old female on or about May 14, 2006. On May 29, 2006, Ross offered the same female money to "do it to her." (Id., Ex. 5, Police Arrest Report/Affidavit.) On July 22, 2009, the Board recorded an action denying Ross parole. (Doc. No. 11-2, Ex. 6, Notice of Action.) In support of the denial the PBPP stated as follows:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied

parole/reparole. The reasons for the Board's decision include the following:

> Your need to participate in and complete additional institutional programs.
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> You are to be reviewed in or after April, 2010.

At your next interview, the Board will review your file and consider:

> Whether you have successfully completed a treatment program for sex offenders.
>
> Whether you have maintained a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record.
>
> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying parole/reparole was recorded.

(Id. at pp. 39-40.) Ross filed the present petition arguing that his due process and equal protection rights were violated with respect to the decision denying him parole. Specifically, he maintains that the Board has abused its authority by requiring him to participate in a sex offender treatment program since he is "not up state for any crime of that nature." (Doc. No. 1, Pet. at 7.)

## II. Discussion

### A. Procedural Due Process

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. Kentucky Dept. of Corrs. v. Thompson, 490 U.S. 454, 460 (1989)(citing Bd. of Regents, 408 U.S. at 571).

Second, if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. Id. (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)). Ross cannot meet either criteria because there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections. Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rogers v. Pa. Bd. of Prob. & Parole, 555 Pa. 285, 724 A.2d 319, 323 (Pa. 1999). Ross does not contend otherwise.

### B. Substantive Due Process

"Even if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). "Although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'" Burkett, 89 F.3d at 139 (citing Perry v. Sindermann, 408 U.S. 593, 597 (1972)). Under substantive due process, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights (two factors that are not alleged and are not present here). Id. at 140. In addition, a state may not base a parole decision on factors bearing no rational

4

relationship to the interests of the Commonwealth.  Block, 631 F.2d at 237.

The United States Court of Appeals for the Third Circuit has stressed, however, that a substantive due process claim based on alleged arbitrary and capricious action is not easily mounted because the relevant level of arbitrariness required involves not merely action that is unreasonable, but rather, something more egregious, at times "conscience shocking." Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). "[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).

In the instant action, the reasons set forth by the PBPP for denying parole were permissible considerations.  In deciding whether to grant parole, the Board is required to consider the protection of the safety of the public and in so doing, consider the nature and character of the offense committed, the general character and history of the inmate, as well as their written or personal statement, any testimony by the victim, and recommendations of the trial judge, district attorney and any warden or superintendent who has control over the inmate.  Each reason provided by the PBPP falls within the realm of not only permissible, but required factors to be considered.  Additionally, it is certainly legitimate for the Board to consider a prisoner's progress in rehabilitative programs before releasing him on parole.  See e.g., McGinnis v. Royster, 410 U.S. 263, 277 (1973)(stating that it is legitimate for state to afford prison officials adequate opportunity to evaluate an inmate's rehabilitative progress before considering him for parole eligibility).  Ross challenges the PBPP's requirement that he participate in a sex offender's program on the basis that it bears no rational relationship to the interest of the Commonwealth.

Stated another way, he claims that the requirement is unrelated to his sentence. He further claims that he is being prevented from participating in the required program.

First, it has been found that requiring an inmate to participate in a sex offender treatment program is not "conscience shocking." See Folk v. Attorney General, et al., 425 F. Supp. 2d 663, 672 (W.D. Pa. 2006). Progress by an inmate seeking parole in his rehabilitation is a legitimate consideration for the Board, and acceptance of responsibility for ones actions is a crucial part in making progress in rehabilitation. While it is true that Ross' current sentence of imprisonment is for Person not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms and Corruption of Minors, he was also charged with several sex offenses at the time of his arrest on these charges. Further, he was convicted of Indecent Assault W/O Consent of Other, which is a sexual offense. While Ross may only have received a sentence of probation for the Indecent Assault conviction, this fact does not prevent the PBPP from considering that offense when deciding whether to parole him from his current sentence. Rather, the Board is required to consider the Indecent Assault conviction as part of Ross' total criminal record when considering him for parole. Clearly, the requirement that Ross complete a sex offender program prior to parole bears a rational relationship to the Commonwealth's interest.

In addition, while Ross then goes on to argue that he is being denied access to a sex offender treatment program, he offers nothing in support of his claim. To the contrary, Respondent has submitted the declaration of Chad Ishler, Parole Agent 2 at SCI-Rockview, stating that Ross has refused to participate in the sex offender evaluation and/or treatment provided at SCI-Rockview. (Doc. No. 11-2, Attach. 2, Ishler Decl. at 2.) Ross' refusal to participate in the program does not qualify as a substantive due process claim. See Defoy v.

6

McCullough et al., 301 Fed. Appx. 177 (3d Cir. 2008).

C.   **Equal Protection**

Ross also generally asserts that his right to equal protection has been violated with respect to the denial of parole. He does not, however, set forth any specific details with respect to how he has been denied equal protection. The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. As such, it requires all persons "similarly situated" to be treated alike by state actors. See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). To prevail on an equal protection claim, Ross must demonstrate that he was treated differently from persons who are similarly situated, and that this discrimination was purposeful or intentional rather than incidental. See City of Cleburne, 473 U.S. at 439; Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 423-24 (3d Cir. 2000). There are no allegations by Ross that he is being treated differently than inmates who are similarly situated. Rather, it appears that his claim of "different treatment" is somehow based on being required to participate in a sex offender program when he is not currently serving time for a sex offense. As previously discussed, Ross was convicted of Indecent Assault W/O Consent of Other along with the Corruption of Minors charge. The fact that he was only given a sentence of probation for the Indecent Assault charge does not mean that the PBPP cannot consider that offense as part of his complete criminal record in reviewing him for parole. He fails to set forth any equal protection claim. Based on the foregoing, the instant habeas petition will be denied. An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BEDFORD ROSS,** | : | CIVIL NO. 1:CV-09-2108 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION AND PAROLE, et al.,** | : | |
| Respondents | : | |

## ORDER

**AND NOW,** this 7th day of July, 2010, upon consideration of the petition for writ of habeas corpus, **IT IS HEREBY ORDERED THAT:**

1. The petition for a writ of habeas corpus is **denied**.

2. The Clerk of Court is directed to **close this case**.

3. There is no basis for the issuance of a certificate of appealability.


\_\_s/ Yvette Kane_____
YVETTE KANE, Chief Judge
Middle District of Pennsylvania